# Exhibit 1

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

RANDY SUVERKRUBBE,

    Plaintiffs,　　　　　　　　　　Case No. 25-　　　　-NO

    　　　　　　　　　　　　　　　　Hon.

-vs-

DELTA AIR LINES, INC,
and PROSPECT AIRPORT SERVICES, INC.,

    Defendants.

---

DARREN K. LEGATO (P77203)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI  48226
P: (313) 777-7529 / F: (313) 470-2011
darren@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this court.

*/s/ Darren K. Legato*

Page **1** of **9**

## COMPLAINT

**NOW COMES** the Plaintiff, **RANDY SUVERKRUBBE**, by and through his attorneys, **MARKO LAW, PLLC**, and for his Complaint against the above-named Defendants, states as follows:

### *JURISDICTION AND VENUE*

1. That Plaintiff, RANDY SUVERKRUBBE, at all times relevant hereto, is a resident of the City of Omaha and State of Nebraska.

2. That Defendant, DELTA AIR LINES, INC. (hereinafter referred to as "DELTA"), is a foreign for-profit airline company that is licensed to and conducting business in the County of Wayne, and State of Michigan.

3. That Defendant, PROSPECT AIRPORT SERVICES, INC. (hereinafter referred to as "PROSPECT"), is a foreign for-profit company that provides services to airport customers such as assistance getting to/from gates for wheelchair bound passengers, that is licensed to and conducting business in the County of Wayne, and State of Michigan.

4. The incident, transactions and occurrences giving rise to this action took place at the Detroit Metro Airport (DTW) in the City of Romulus, County of Wayne, and State of Michigan.

5. Venue with this Court is proper pursuant to MCL 600.1629.

6. This Court has jurisdiction over this matter as the amount in controversy greatly exceeds the jurisdictional amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of applicable interest, costs and attorney fees.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporate by reference Paragraphs 1-6 as if fully restated herein.

8. That on or about January 17, 2025, Plaintiff, Randy Suverkrubbe, arrived at the Detroit Metro Airport (DTW) on Delta flight 3889 originating from Omaha, Nebraska.

9. That due to his medical condition, Plaintiff required the assistance of a wheelchair upon arriving to DTW.

10. That Defendant, DELTA, through its vendor, Defendant PROSPECT, were to provide Plaintiff with the wheelchair assistance he so required.

11. That Defendant DELTA and Defendant PROSPECT's employee/agent/representative did assistant Plaintiff into a wheelchair therein began pushing Plaintiff while facing forward in said wheelchair to exit the plane for Delta Flight 3889.

12. That Defendant DELTA and Defendant PROSPECT's employee/agent/representative did then and there push Plaintiff's wheelchair while exiting the plane onto the boarding ramp in a violent, careless and negligent fashion, causing Plaintiff to sustain an injury to his brain.

13. That as a direct and proximate result of the negligent and gross negligent actions of Defendant DELTA and Defendant PROSPECT's employee/agent/representatives noted above, Plaintiff sustained severe and debilitating injuries and damages, and will continue to suffer damages into the future.

14. At all times mentioned herein, Defendants, JOHN/JANE DOES, were acting as agents, employees, contractors and/or representatives Defendant OTIS.

Page **3** of **9**

15. At all times mentioned herein, Defendants employees/agents/representatives were acting within the course and scope of their agency, employment, joint venture and/or representation with Defendants.

16. At all times mentioned herein, Defendants employees/agents/representatives were acting with the advanced knowledge, acquiescence, subsequent ratification, and approval of Defendants.

## COUNT I - NEGLIGENCE/GROSS NEGLIGENCE
*(As to all Defendants)*

17. Plaintiff incorporate by reference Paragraphs 1-16 as if fully restated herein.

18. Defendants, collectively, owed certain duties to the general public, and Plaintiff in particular, to act in a safe and prudent manner and to provide proper and adequate services to airline passengers.

19. Defendants failed this duty.

20. Defendants breached the above duties and acted in a negligent and/or grossly negligent manner by engaging in the following acts and omissions, including but not limited to:

    a. Failure to exercise due care and caution in providing services to its customers, including transporting passengers in need of wheelchair assistance;

    b. Failure to provide services to its customers, including transporting passengers in need of wheelchair assistance, in such a way as to avoid injuring said customers;

Page **4** of **9**

    c.    Failure to take reasonable precautions to prevent injuries to its customers;

    d.    Putting Plaintiff in a dangerous situation;

    e.    Creating a dangerous environment for Plaintiff;

    f.    Exposing Plaintiff to harm;

    g.    All other acts of negligence learned through the course of discovery.

21.    Defendants are liable for the actions and/or inactions carried out in the services of transporting passengers/customers in need of the assistance of a wheelchair based on the doctrines of *respondeat superior* and vicarious liability.

22.    As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered severe and debilitating injuries and damages and will continue to suffer damages into the future.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court award damages in their favor and against Defendants in whatever amount Plaintiffs are found to be entitled, together with interest, costs, and attorney fees.

## COUNT II – DIRECT NEGLIGENCE/GROSS NEGLIGENCE
*(As to All Defendant)*

23.    Plaintiff incorporate by reference Paragraphs 1-22 as if fully restated herein.

24.    At all relevant times, the persons assisting Plaintiff as described above with exiting Delta Flight 3889 were employees, agents, representatives and/or contractors of Defendants DELTA and PROSPECT.

25. At all relevant times, Defendants owed duties to the general public, including Plaintiff, to properly hire, train, retain and supervise employees/agents/contractors and/or representatives that could perform their duties in a non-negligent manner and refrain from injuring the general public, including Plaintiff.

26. Defendants DELTA and PROSPECT breached the duties it owed to the general public, and Plaintiff in particular, by negligently hiring, retaining, supervising, training, and/or monitoring its employees/agents/contractors and/or representatives, including those who assisted Plaintiff exit Delta Flight 3889 as noted above.

27. Defendant DELTA and PROSPECT's negligence and/or gross negligence was the direct and proximate cause of the foreseeable consequence of Plaintiff's serious injuries and damages, said conduct amounting to recklessness, gross negligence, and a reckless disregard for whether an injury resulted, including, but not limited to, the following particulars:

    a. Defendants hired the employees/agents/representatives who assisted Plaintiff off of Delta Flight 3889 as noted above, who lacked the appropriate skills and/or knowledge to properly assist passengers/customers who were in need of a wheelchair.

    b. Defendant failed to properly train the employees/agents/representatives who assisted Plaintiff off of Delta Flight 3889 as noted above in how to appropriately assist customers/passengers who were in need of wheelchair assistance, ensuring that occupiers are not injured;

    c. Defendants failed to supervise and/or monitor the employees/agents/representatives who assisted Plaintiff off of Delta Flight 3889 as noted above.

    d. Defendants failed to put in place policies and procedures that would prevent actions/inactions by the employees/agents/representatives who assisted Plaintiff off of Delta Flight 3889 as noted above that were

      reasonably certain to cause injuries to the general public, including Plaintiff;

e. Defendants failed to have adequate screening and/or training procedures for its workers, including the employees/agents/representatives who assisted Plaintiff off of Delta Flight 3889 as noted above, to ensure the safety of its customers/passengers, such as Plaintiff;

f. Defendant negligently and recklessly failed to properly train its employees/agents/contractors and/or representatives, the employees/agents/representatives who assisted Plaintiff off of Delta Flight 3889 as noted above, which would have prevented them from viciously harming Plaintiff;

g. All other breaches of duty identified, in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

h. Any and all breaches that become known through litigation.

28. As a direct and proximate result of Defendant DELTA and Defendant PROSPECT's negligent hiring, training, supervision, and/or intervention, Plaintiff suffered severe and debilitating injuries and damages and will continue to suffer damages into the future.

**WHEREFORE,** Plaintiff respectfully request that this Honorable Court award damages in their favor and against Defendants in whatever amount Plaintiffs are found to be entitled, together with interest, costs, and attorney fees.

## **DAMAGES**

29. Plaintiff incorporates by reference Paragraphs 1-28 as if fully restated herein.

30. Plaintiff suffered serious and permanent injuries, some of which constitutes serious impairment of important body function, including, but not limited to;

a. Physical impairment of a body function(s);

b. Pain and suffering, past, present, and future;

c. Emotional distress, past, present, and future;

d. Mental distress, past, present, and future;

e. Loss of vitality of life, past, present, and future;

f. Loss of living an everyday, normal life;

g. Extreme trauma;

h. Chronic pain;

i. Economic loss;

j. Permanent scarring;

k. Heightened sensitivity;

l. Hindered mobility;

m. Loss of consortium;

n. Humiliation and embarrassment;

o. Medical bills;

p. Lost wages;

q. Lost earning capacity;

r. Exemplary damages;

s. Attorney fees and costs; *and*

t. Any and all other painful and debilitating injuries throughout his body to be discovered through the course of litigation.

31. Plaintiff has suffered the above-described physical pain and suffering, mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment, humiliation, and mortification, all of which are serious, permanent, and disabling.

32. Plaintiff seeks all economic and non-economic damages allowed under Michigan Law and to which they have incurred as a direct and proximate result of the Defendants negligence/gross negligence as noted above.

**WHEREFORE,** Plaintiff respectfully request that this Honorable Court award damages in their favor and against Defendants in whatever amount Plaintiffs are found to be entitled, together with interest, costs, and attorney fees.

Respectfully submitted,

*/s/ Darren K. Legato*
DARREN K. LEGATO (P77203)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
darren@markolaw.com

Date:  July 28, 2025